FORGIONI & ROMANO Co., et al.,

*vs.*

BURNHAM & MORRILL COMPANY.

Cumberland.    Opinion April 20, 1915.

*Adopting Contract.    Insurance.    Payments.    Signature.    Written Contract.*

Where two persons are by its terms made parties to a contract and one of them executes the contract and acts upon and in performance of it from its date and the other, with full knowledge of the execution of the contract and acts in performance of its terms by the former, the latter must be held to have adopted it as of the time it was signed by the former and the contract becomes evidence that the contract was, in point of fact, made by both plaintiffs at the time of the earlier signature.

On report.    Judgment for plaintiff for $33.39 with interest from date of the writ.

This is an action on the case to recover a balance claimed to be due for labor performed under a written contract.    At the conclusion of the evidence, the case, by agreement of parties, was reported to the Law Court for determination, upon so much of the evidence as is legally admissible:    The court to render such judgment as the rights of the parties require, with full jury powers.

The case is stated in the opinion.

*Arthur Chapman, and Strout & Strout*, for plaintiffs.

*Bradley & Linnell*, for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

BIRD, J.    This action is reported to this court for the rendition of "such judgment as the rights of the parties require, with full jury powers."    It is an action for the balance of the amount claimed to be earned upon a written contract for work and labor in building a wall

and grading a roadway upon land of defendant.   The total amount due upon completion of the contract is $1991.09.   The plaintiffs admit two payments aggregating $1350, made to one of them and seek the recovery of the balance of $641.09, while defendant claims a further payment of $607.70 made to the other of the plaintiffs— Shannahan—and that the balance due is but $33.39.

For about ten days prior to the date of the contract in suit, the defendant corporation had been in treaty with one R. D. Shannahan, ordinarily doing business as R. D. Shannahan & Co., then engaged in the performance of another contract with it (dated June 27, 1912) for work of similar character, looking to the undertaking of the building of a sea wall and doing certain grading.   On the 14th day of August, 1912, the minds of the defendant and Shannahan met.   At this time Shannahan stated to defendant that he might not be able to give personal attention to the work but would employ one Forgioni as foreman.   Defendant undertook to prepare the contract and Shannahan engaged to call the following day to execute it.   The contract was prepared in two parts, bearing the date of August 14, 1912, and, among other things, stipulated that the work was to be begun on the following day, August 15.   The persons made parties to this contract were defendant, described as a corporation, of the first part, and "R. D. Shannahan & Company, associated with         Forgioni                , hereinafter called the Contractors."   The evidence is uncontradicted that defendant did not know the Christian name of Forgioni and that the blanks before and after the name Forgioni were left to be filled as occasion might require.   The defendant adduces evidence that Shannahan did not call as agreed, that Forgioni appeared in his stead, that he gave defendant his Christian name "Antonio" which was inserted in each part of the contract before the word "Forgioni," that both parts of the contract were signed by defendant and that Forgioni took them with him for the purpose of obtaining the signature of Shannahan.   Work, in performance of the contract, was begun by Shannahan on the fifteenth day of August and continued by him on the two following days—August 16 and 17—when it apparently was discontinued and not resumed until August 21, when Forgioni placed his men upon the work and continued thereafter to provide the men and oversee it.   The defendant claims that Forgioni returned to its office on the seventeenth day of August with the contract and, upon excision of a clause, to which he stated both

he and Shannahan objected, signed the contract as follows, "R. D. Shannahan and Co. By Antonio Forgioni Mang. Contractors." The signature R. D. Shannahan and Co. was a few days later ratified and confirmed by Shannahan. At this time—August 17—Forgioni stated, as the uncontradicted evidence is; that "they (he and Shannahan) were all together and it was one and the same thing," substantially as defendant claims he had stated at an earlier date, that "he and Shannahan were all the same thing at that time." At this time, however, as plaintiffs claim, he made some remark as to his insurance but there is no evidence that any intimation was then given that Forgioni and Romano Co. was, or might be, interested in the contract. It appears that the agent of the company, with which insurance had been effected against loss from accident suffered by employees, was absent from Portland from August 15 to August 20. On the 20th day of August, he was approached by Forgioni, who had with him plaintiffs' part of the contract, Exhibit 1, and inquiry was made as to the form of the contract meeting the requirements of the contract of insurance. He was informed that R. D. Shannahan and Forgioni and Romano Co. were the parties insured and that the contract with the defendant should be conformable. Forgioni testifies that he did not sign the contract on the 17th of August on which date he claims he first saw and took away the contracts, and the agent of the insurance company states that the part of the contract shown him was executed only by defendant. The plaintiff Forgioni also testifies that the contract was not signed by either of plaintiffs until August twenty-second when he claims he signed it "R. D. Shannahan, Forgioni and Romano Co. by Antonio Forgioni Mang. Contractors," making, as he asserts, corresponding changes in the body of the contract. In the body of the contract, both parts show the word "Antonio" erased before Forgioni and the words "& Romano Co." inserted after Forgioni, while plaintiffs' part alone shows the erasure of "& Company" after Shannahan. In both parts of the contract as they now appear "Forgioni and Romano Co." is inserted as a signature between those of "R. D. Shannahan and Co." and "By Antonio Forgioni Mang," but in plaintiffs' part only are the characters "and Co." erased as part of the signature of R. D. Shannahan and Co. On the morning of August 17, the defendant's part of the contract was found in the receptacle in which its executed contracts were kept. The inference is almost irresistible from this fact and the fact that the characters

"and Co." are erased upon plaintiff's part of the contract and still appear unerased upon that of defendant, that the contract was signed as claimed by defendant before Forgioni saw the agent of the insurance company.   And we think it may as justly be inferred that by that signature and execution Forgioni intended to bind himself as well as R. D. Shannahan Co. and that it was regarded by both parties as a fully executed contract.   That Shannahan discontinued his work on the seventeenth of August, the date of execution alleged by defendant, and that the work was resumed by Forgioni on the day following his interview with the insurance agent warrant the inference that Forgioni's delay in causing resumption of the work and in making changes in the execution of the contract were solely for the purpose of ascertaining the contractual liability of the insurance company and making the contract of August 14, 1912, strictly conformable.   Unless the contracts. were taken by Forgioni on August 15, executed as claimed by defendant on August 17, before the interview with the insurance agent, (and plaintiffs supply no other tenable date) and altered as to signature at a later date, August 21 or 22, the insertion of the word "Antonio" and both the insertion and erasure of the characters "and Co." in part of the contract cannot be explained.   We are forced to conclude that the contract was executed as claimed by defendant by both parties, and before the payment made to Shannahan which was made on the seventeenth day of August after the contract had been placed by defendant in its file of finished contracts, but before defendant knew, or ought to have known, that Forgioni and Romano Co. was, or even contemplated becoming a party to the contract.

As to the payment to Shannahan:   Defendant was called by telephone from Shannahan's office and asked if it could advance him one thousand dollars on the contract.   The defendant knowing that Shannahan was engaged in the performance of the earlier contract of June 27, 1914, and had commenced work on the contract of August 14, 1914, gave the messenger, later sent by Shannahan to the office of defendant, a check for $1000 and took from the messenger a receipt for this sum applying it as a payment upon both contracts.   Within a week following August 17, Shannahan was advised by defendant of the application of payments made the receipt and made no dissent. Later, upon the amount due upon the earlier contract being ascer-

tained and debited in settlement of that contract, the balance was debited upon the contract in suit. The objections of plaintiffs to the allowance of this payment are not persuasive.

Moreover, we think if the contract is now to be regarded, as technically it must be, as that of Forgioni and Romano Co., instead of Antonio Forgioni, by reason of the former becoming a party after its execution by Forgioni in the manner stated, that Forgioni and Romano Co. is bound by the payment made to Shannahan because Forgioni and Romano Co., of which Antonio Forgioni was general manager and treasurer, by becoming a party to the contract with full knowledge that Shannahan had executed the contract and had acted upon it from its date thus adopted the contract as of the time it was signed by Shannahan, which we have found to be August 17. The contract becomes evidence that the agreement was, in point of fact, made by all the plaintiffs at that time. *Stearns* v. *Haven*, 16 Vermont, 87, 91. See also *Young* v. *Ward*, 33 Maine, 359. *Bradstreet* v. *Rich*, 74 Maine, 303.

Judgment must therefore be entered for plaintiffs for the sum of thirty-three dollars and thirty-nine cents with interest from the date of the writ.

*So ordered.*